ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

# Court of Appeals Number: 15-24-00095-CV

# Trial Court Case Number: D-1-GN-24-002025

| | |
|---|---|
| Edward Rudolph Turnbull, IV v. Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS FIFTEENTH DISTRICT AT AUSTIN, TEXAS |

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 04/26/2025, via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

**To the Honorable Court:**

This civil case is about the ultra vires exception and denial for plea to the jurisdiction, a suit "must allege, and ultimately prove, that **the officer** acted without legal authority or failed to perform a purely ministerial act." See: City of El Paso v. Heinrich, 284 S.W.3d 366, 372 (Tex. 2009); see also Hall v. McRaven,

1

508 S.W.3d 232, 240–41 (Tex. 2017). "[A]ctions taken 'without legal authority' ha[ve] two fundamental components: (1) authority giving **the official** some (but not absolute) discretion to act and (2) conduct outside of that authority." See: McRaven, 508 S.W. 3d at 239.

A **government officer** acts without legal authority if **he or she exceeds the bounds of the granted authority or if his or her acts conflict with the law itself.** See: Houston Belt & Terminal Ry. Co. v. City of Houston, 487 S.W. 3d 154, 158 (Tex. 2016).

A preempted law has no effect. See: Great Dane Trailers, Inc. v. Estate of Wells, 52 S.W. 3d 737, 743 (Tex. 2001). See: City of San Marcos, 2025 WL 1142065 at *9–11 (concluding trial court erred in dismissing ultra vires claims against certain city officials), see: State v. City of San Marcos, **No. 15–24 00084–CV**, --- S.W. 3d ---, 2025 WL 1142065, at *1 **(Tex. App.—15th Dist. Apr. 17, 2025, no pet. h.),** see: State v. City of Austin, **No. 15-24-00077-CV**, ---S.W. 3d---, 2025 WL (-------------), at * **((Tex. App.—15th Dist. Apr. 24, 2025, no pet. h.),** see: JBCC v. Holmgren, **No. 03-22-00245-CV**, 691 S.W. 3d 155 (2024 WL), **(Tex. App.—3rd Dist. Apr. 30, 2024, no pet. h.).**

This new Intermediary Court of Appeals District in Texas has recently reversed and remanded to two state lower trial courts in Texas, two civil cases about the ultra vires exception doctrine and denial for plea to the jurisdiction doctrine, see:

State v. City of San Marcos, No. 15–24 00084–CV, --- S.W. 3d ---, 2025 WL 1142065, at *1 (Tex. App.—15th Dist. Apr. 17, 2025, no pet. h.), see: State v. City of Austin, No. 15-24-00077-CV, ---S.W. 3d---, 2025 WL (-------------), at * ((Tex. App.—15th Dist. Apr. 24, 2025, no pet. h.), in both cases <mark>government officials</mark> committed Ultra Vires Acts and having committed flagrant defiance of the State Law and the Texas Constitution. Also, the Pleas of Jurisdiction have been reversed and remanded for further proceedings with the lower trial courts in Texas.

Also, the same issue has occurred with one State Judicial Agency in the Judicial Branch of the Texas Government and called JUDICIAL BRANCH CERTIFICATION COMMISSION ("JBCC") and the Court of Appeals 3rd District of Texas at Austin has reversed and remanded to the lower trial court in Texas, and for further proceedings and also being one civil case and involving Ultra Vires Acts and Plea of Jurisdiction and committed by <mark>government officials</mark>.

It is public and notorious what the Office of the Chief Disciplinary Counsel ("OCDC"), the Commission for Lawyer Discipline ("CFLD"), the Board of the Directors of the State Bar of Texas ("BOD") and the Board of Disciplinary Appeals ("BODA") has done in the TURNBULL's case.

They simply make defiance and violation of the provisions described in the state statute "State Bar Act" and codified in the Texas Government Code and of which the <mark>government officials</mark> must abide with their ministerial duties.

Also, the incumbent Chief Disciplinary Counsel ("CDC") of the State Bar of Texas, more one time has performed her "*weeded out*" internal policy and to dismiss summarily valid grievance complaints and filed by the Citizens with the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office.

The so-called "*weeded out*" internal policy adopted by the incumbent Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office cannot prevail and overstep the provisions of the state statute "State Bar Act", the Texas Government Code, and also the rules for disciplinary procedures and professional conduct promulgated by the Supreme Court of Texas in relation the regulation of the authorized practice of law in the State of Texas.

This case is about the compliance of the state laws, statutory provisions, Texas Government Code, Texas Rules for Disciplinary procedures, Texas Rules for Disciplinary Professional Conduct versus the so-called "*weeded out*" internal regime administrative policy adopted by one appointed apparatchik with one annual salary paid around $200,000.00 and plus generous benefits and not having been not even elected by the members of the inner circle of cronies' cartel and much less by the people of Texas and to occupy one "Public Protection Statewide Office" and that is part (unfortunately) in the administrative structure of one Quasi State Entity self regulated and independent statewide public corporation and that is

4

part of the judicial branch of the Texas Government and overall supervised by the state judicial agency of the Supreme Court of Texas and still having an overall supervision from the SUNSET Advisory Commission as one State Legislative Agency in charge to supervise the "transparency" and "accountability" of the state agencies of the Texas Government and including the State Bar of Texas and whose Quasi State Institution responds and for public information requests under the Texas Public Information ("PIA") in the Texas Government Code Chapter 552 as one state administrative agency in the judicial branch of the Texas Government and not under the Rule 12 of the Rules of Judicial Administration.

Although the definition of "judicial agency" in Rule 12.2(b) of the Rules of Judicial Administration is comprehensive, the applicability of the rule is restricted by Rule 12.3.

The rule does not apply to judicial agencies whose records are expressly made **subject to disclosure by statute, rule, or law.** An example is **the State Bar ("an administrative agency of the judicial department", Tex. Gov't Code § 81.011(a)),** which is subject to the **Public Information Act. Tex. Gov't Code § 81.033.**

This civil case is more than clear that the apparatchiks of the State Bar of Texas have made a clear defiance and violation of the state statute provisions of the "State Bar Act" and codified in the Texas Government Code Chapter 81 and for

5

mandatory release of the full explanation for dismissal letters issued by the Chief Disciplinary Counsel of the State Bar of Texas for "no just cause".

The record is expressly made subject to disclosure by the state statute provisions of the "State Bar Act" and clearly codified by the Texas Government Code for authorized practice of law in the Chapter 81.

TURNBULL has requested a full explanation for the dismissal letter issued by the Chief Disciplinary Counsel and the Public Affairs Counsel and also Public Information Officer ("PIO"), Ms. Claire Reynolds of the Office of the Chief Disciplinary Counsel of the State Bar of Texas, and for Open Records and under the Public Information Act ("PIA") has denied release for full explanation from the dismissal letter for "no just cause" and issued by the Chief Disciplinary Counsel and as required by the state statute provisions of the "State Bar Act" and not being the State Bar of Texas as Judicial Agency under the coverage of the Rule 12 of the Rules of Judicial Administration and for Code of Judicial Conduct.

Basically, this state licensing agency and that is under the coverage of the Public Information Act ("PIA") has violated the provisions of the state statute "State Bar Act" and for release of the full explanation for dismissal letters for "no just cause" by the Chief Disciplinary Counsel of the State Bar of Texas and also not having complied with the statutory provisions to release information about the number of the deliberation votes submitted by the (06) six public members of the Summary

Disposition Panel ("SDP") of the Grievance Committee District of the State Bar of Texas and being responsible to vote and under the deliberation votes for any summary disposition dockets submitted by one Chief Disciplinary Counsel's employee and from one Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas in the so-called "*public meetings*" of the Summary Disposition Panels ("SDP") of the Grievance Committees District of the State Bar of Texas.

Basically, the apparatchiks don't comply with the statutory provisions of the "State Bar Act", the Texas Government Code provisions, the Texas Rules for Disciplinary Procedures; the Texas Rules for Disciplinary Professional Conduct and with the Public Information Act ("PIA") and that is a Public Policy in Texas.

Also, one time that the officials, officers and employees of the State Bar of Texas are classified as **government employees**, then this Court of Appeals should require the participation of the Attorney General of Texas and whose Statewide Public Office, it represents the **government officials, officers, and employees from statewide public corporations, statewide administrative agencies of the Texas Government and from any branch of the Texas Government.**

The public view don't see the participation of the Attorney General of Texas in this civil case and that it was filed this civil case assigned against a Statewide Judicial Administrative Agency of the Judicial Branch of the Texas Government and that it is overall supervised by the statewide legislative agency SUNSET ADVISORY

COMISSION and also the public view don't see the participation of the SUNSET ADVISORY COMMISSION as watchdog for transparency and accountability of the statewide judicial administrative agency State Bar of Texas either.

The Office of the Chief Disciplinary Counsel is one statewide public office and designated to protect the public in Texas and for this reason the participation of the Attorney General of Texas is very important in this civil case and filed against a statewide public office in the State of Texas and that it responds for accountability and transparency with the statewide legislative agency SUNSET ADVISORY COMMISSION and being that the Attorney General of Texas and from the Administrative Law Section should represent the State Bar of Texas as statewide public corporation and statewide judicial administrative agency in the State of Texas, as well as, the Attorney General of Texas has represented the statewide judicial agency of the JUDICIAL BRANCH CERTIFICATION COMMISSION ("JBCC") in one administrative appeal and involving Ultra Vires Acts and Plea of Jurisdiction under the administrative law in Texas.

Moreover, the Attorney General of Texas Office has a specific department for public consumers and about the Public Information Act ("PIA") and to issue letters of opinions about the Public Information Act ("PIA") and for clarification of the release of the public information under the state statute ("PIA") and of which the State Bar of Texas is covered for public information release for such state statute.

This Court of Appeals District should require the participation of the Attorney General of Texas Office and that have specialized departments for administrative law for state agencies in Texas and the Public Information Act ("PIA") and for release of the public information and clearly prescribed in the state statute "State Bar Act".

This case is a PUBLIC CONCERN MATTER and that it involves Public Information Release and stipulated by the state statute provisions of the Public Information Act ("PIA") and the state statute provisions of the "State Bar Act".

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano K. Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on 04/26/2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100130484
Filing Code Description: Other Brief
Filing Description: 15-24-00095-CV
Status as of 4/28/2025 7:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 4/26/2025 2:58:40 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 4/26/2025 2:58:40 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 4/26/2025 2:58:40 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 4/26/2025 2:58:40 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 4/26/2025 2:58:40 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 4/26/2025 2:58:40 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 4/26/2025 2:58:40 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 4/26/2025 2:58:40 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 4/26/2025 2:58:40 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 4/26/2025 2:58:40 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 4/26/2025 2:58:40 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 4/26/2025 2:58:40 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 4/26/2025 2:58:40 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 4/26/2025 2:58:40 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 4/26/2025 2:58:40 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 4/26/2025 2:58:40 PM | SENT |